*Ex Parte* LUTHER LANE v. C. E. DOWLING, as Sheriff.

157 So. 25.
Opinion Filed October 15, 1934.

*Martin & Martin,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant.

PER CURIAM.—The record shows that Petitioner was convicted in the county court of Pasco County on the charge by information as follows:

"In the Name and by the Authority of the State of Florida, J. D. GEIGER, Prosecuting Attorney for the County of Pasco, prosecuting for the State of Florida in said county, under oath, information makes that Luther Lane on the 1st day of May in the Year of Our Lord One Thousand Nine Hundred and Thirty-*three,* in the county and state aforesaid, unlawfully did have in his possession an apparatus designed for the purpose of manufacturing intoxicating liquor, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."

He was sentenced to pay a fine of $100.00 and costs, or, in default of payment of fine and costs to be imprisoned for six months.

The Information does not so utterly fail to charge an offense as to be void nor does its contents warrant the Court in discharging the person convicted thereunder on habeas

corpus. The description of the apparatus designed for the manufacture of intoxicating liquor as contained in the Information is vague and indefinite, but if the defendant saw fit to go to trial without testing the sufficiency of the Information and the evidence showed that that apparatus was a distilling apparatus, the possession of which is condemned by Section 7635 C. G. L., being Section 1 of Chapter 7888, Acts of 1919, he could not now complain of the irregularity and technical insufficiency appearing in the Information and, by collateral attack on the Information, procure his discharge.

For the reasons stated, the writ should be quashed and the petitioner remanded to the custody of the sheriff to be dealt with as is provided in the sentence and judgment made a part of the record in this case.

It is so ordered.

WHITFIELD, P. J., BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.